IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STATE FARM FIRE AND                                                                    PLAINTIFF
CASUALTY COMPANY

VS.                                    CASE NO. 04:07-CV-4025

JANET BENSON; KYLE BENSON,
by and through his parent and next
friend, JANET BENSON; CASS
HEFLIN, by and through his parent
and next friend JAMES TIM HEFLIN;
RICHARD BIRTCHER, JR.; ANNETTE
BIRTCHER and JUSTIN BIRTCHER,
by and through his parents and next
friends, RICHARD BIRTCHER and
ANNETTE BIRTCHER                                                                      DEFENDANTS

**ORDER**

  Before the Court is a Motion for Default Judgment filed on behalf of Plaintiff State Farm Fire and Casualty Company ("State Farm").  (Doc. 12-1).  Having obtained a Clerk's Entry of Default as to Janet Benson and James Tim Heflin, (Doc. 18) State Farm moves the Court for a default judgment against all defendants for failure to answer, or, in the cases of Richard Birtcher, Jr., Annette Birtcher, and Justin Birtcher, (collectively, "the Birtcher Defendants") failure to timely answer.  The Birtcher Defendants have responded to the Motion for Default Judgment.  (Doc. 19).  State Farm has replied to the Birtcher Defendant's Response to their Motion for Default Judgment.  (Doc. 28).  The Court held a hearing on the Motion for Default Judgment and all other pending matters on July 23, 2007.  (Doc. 36).  The matter is ripe for consideration.

I. DEFENDANTS KYLE BENSON AND CASS HEFLIN

  State Farm seeks a default judgment against minor Defendants Kyle Benson and Cass Heflin. However, the Federal Rules prevent this Court from entering default judgment against minors "unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein." Fed. R. Civ. P. 55(b)(2).  Knowing this, State Farm also has before the Court two

motions for appointment of guardians ad litem on behalf of minor Defendants Kyle Benson and Cass Heflin (Docs. 20 and 22, respectively). State Farm proposes that the Court appoint Janet Benson as guardian ad litem for her son Kyle Benson, (*See* Doc. 21, pg. 2) and James Tim Heflin as guardian ad litem for his son Cass Heflin. (*See* Doc. 23, pg. 2). However, as State Farm notes, in both boys' cases, their parents were served individually and have failed to answer or otherwise appear in this action. Upon review, nothing before the Court suggests that Janet Benson or James Tim Heflin will serve as diligent guardians for their minor sons, and the Court refuses to appoint either of them as guardians ad litem on behalf of their minor sons. To the extent State Farm seeks to have Janet Benson appointed guardian ad litem for Kyle Benson and James Tim Heflin appointed guardian ad litem for Cass Heflin, State Farm's motions are denied. However, the Court agrees with State Farm that guardians ad litem must be appointed for the minor defendants in this case. To that end, the Court makes the following appointments:

> **John F. Stroud, III**
> *Guardian Ad Litem for Minor Defendant Kyle Benson*;
>
> **Jeffrey Scott Harrelson**
> *Guardian Ad Litem for Minor Defendant Cass Heflin.*

Attorneys Stroud and Harrelson are directed to enter their appearances in this matter within five (5) days of the entry of this order.

## II. THE BIRTCHER DEFENDANTS

State Farm also seeks a default judgment against the Birtcher Defendants for failure to timely answer. The Birtcher Defendants were served May 15, 2007, making their answers due June 4, 2007. (*See* Docs. 5-7). An answer on behalf of the Birtcher Defendants was not filed through the Court's CM/ECF system until June 6, 2007. (Doc. 10). State Farm argues that the circumstances surrounding the Birtcher Defendants' untimely answer exhibit "conscious indifference and intentional delay." (Doc. 28, pg. 1). The Court disagrees. Taking into account all relevant circumstances surrounding the late filing, the Court finds the Birtcher Defendants' late answer the product of–at worst–excusable neglect. *See Feeney v. AT & E, Inc.*,

472 F.3d 560, 562-63 (8th Cir. 2006); *Union Pacific R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001). Were the Court to grant State Farm a default judgment against the Birtcher Defendants, relief from default according to Fed. R. Civ. P. 60(b)(1) would be appropriate. *See Union Pacific*, 256 F.3d at 782. The Court prefers to forego further procedural wrangling on this issue, and, accordingly, the Birtcher Defendants' two day late answer will not form the basis for the entry of default judgment against them.

### III. CONCLUSION

Accordingly, State Farm's Motion for Appointment of Guardian Ad Litem (on behalf of Kyle Benson) and State Farm's Motion for Appointment of Guardian Ad Litem (on behalf of Cass Heflin) should be and hereby are **GRANTED IN PART** and **DENIED IN PART**. Until represented by the guardians ad litem appointed herein, State Farm's Motion for Default Judgment as to Defendants Kyle Benson and Cass Heflin is premature, and the same should be and hereby is **DENIED** without prejudice to subsequent refiling. Finally, State Farm's Motion for Default Judgment as to the Birtcher Defendants should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 26th day of July, 2007.

                                                                        /s/Harry F. Barnes
                                                                      Hon. Harry F. Barnes
                                                                      United States District Judge