IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STATE FARM FIRE AND                                                                                  PLAINTIFF
CASUALTY COMPANY

VS.                                              CASE NO. 04:07-CV-4025

JANET BENSON; KYLE BENSON,
by and through his parent and next
friend, JANET BENSON; CASS
HEFLIN, by and through his parent
and next friend JAMES TIM HEFLIN;
RICHARD BIRTCHER, JR.; ANNETTE
BIRTCHER and JUSTIN BIRTCHER,
by and through his parents and next
friends, RICHARD BIRTCHER and
ANNETTE BIRTCHER                                                                                  DEFENDANTS

## ORDER

Before the Court is a Motion to Dismiss Defendants Birtcher, filed on behalf of State Farm Fire and Casualty Company ("State Farm"). (Doc. 29). State Farm seeks a voluntary dismissal of Defendants Richard Birtcher, Jr., Annette Birtcher, and Justin Birtcher (collectively, "the Birtcher Defendants") pursuant to Fed. R. Civ. P. 41(a)(2), or, in the alternative, summary judgment pursuant to Fed. R. Civ. P. 56. The Birtcher Defendants have responded. (Doc. 35). The Court held a hearing on the Motion to Dismiss on July 23, 2007. (Doc. 36). The matter is ripe for consideration.

State Farm's Motion to Dismiss relies heavily on *Medical Liability Mut. Ins. Co. v. Alan Curtis, LLC*, 485 F.3d 1006 (8th Cir. 2007). The Court finds this reliance misplaced. *Curtis* involved an insurer seeking to clarify its obligations under two insurance policies in a declaratory action. Thirteen months after the declaratory action was filed–and just before the discovery deadline–a party attempted to intervene in the action pursuant to Fed. R. Civ. P. 24(a)(2) and (b)(2). The District Court denied the motion to intervene, finding that the would-be intervenor lacked standing to intervene and that intervention would cause undue delay and prejudice to the current parties to the lawsuit. *Curtis*, 485 F.3d at 1008.

The matter before the Court is easily distinguishable from *Curtis*. The Birtcher Defendants are not

intervenors–they were directly sued by State Farm.  (*See* Doc. 1).  As such, Fed. R. Civ. P. 24(a)(2) does not govern the Birtcher Defendants participation in this matter, rendering the holding of the *Curtis* decision inapplicable to them.[1]  Along with intervention, the *Curtis* case hinges on prejudice, based on the late-stage intervention attempt.  Simply put, no prejudice will result from allowing the Birtcher Defendants to remain party to this matter.  In short, the Court refuses to extract language cited by–and useful for–State Farm while turning a blind eye to the failure of correlation between the *Curtis* decision and the matter at hand.

In addition, voluntary dismissals under Fed. R. Civ. P. 41(a)(2) are not allowed where the defendant will be prejudiced thereby.  *Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979).  The Birtcher Defendants would clearly be prejudiced by the entry of a voluntary dismissal at State Farm's insistence, as they have retained counsel, responded to a series of motions, and indicated a clear intention to contest this matter.  Finally, the Court notes that State Farm has offered neither argument nor authority in support of its motion to "dismiss" the Birtcher Defendants pursuant to Fed. R. Civ. P. 56, and the Court declines this invitation.  Accordingly, State Farm's Motion to Dismiss Defendants Birtcher should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 27th day of July, 2007.

                                                    /s/ Harry F. Barnes
                                            Hon. Harry F. Barnes
                                            United States District Judge

---

[1] State Farm relies on the following language from the *Curtis* decision: "An economic interest in the outcome of the litigation is not itself sufficient to warrant intervention. An interest that is contingent upon the occurrence of a sequence of events before it becomes colorable is also *not sufficient to satisfy Rule 24(a)(2)*." *Curtis*, 485 F.3d at 1008 (emphasis added)(internal citations and quotations omitted).  Thus, it is clear the *Curtis* court interpreted and applied Federal Rule 24, which is not implicated in deciding the matter presently before the Court.