IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STATE FARM FIRE AND                                                                                                            PLAINTIFF
CASUALTY COMPANY

VS.                            CASE NO. 4:07-CV-4025

JANET BENSON; KYLE BENSON,
by and through his parent and next
friend, JANET BENSON; CASS
HEFLIN, by and through his parent
and next friend JAMES TIM HEFLIN;
RICHARD BIRTCHER, JR.; ANNETTE
BIRTCHER and JUSTIN BIRTCHER,
by and through his parents and next
friends, RICHARD BIRTCHER and
ANNETTE BIRTCHER                                                           DEFENDANTS

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is a Motion For Summary Judgment regarding the duty to defend, filed on behalf of State Farm Fire and Casualty Company ("State Farm"). (Doc. 44). Richard Birtcher, Jr., Annette Birtcher and Justin Birtcher have responded in opposition. (Doc. 47). The matter is ripe for consideration.

<u>I. BACKGROUND</u>

The events giving rise to this litigation occurred on December 9, 2005, at the home of James Heflin. James Heflin's son, Cass Heflin, then sixteen years old, was at the house that afternoon with Kyle Benson, then fifteen years old. No adults were present in the home that afternoon. Prior to Justin Birtcher's arrival at the Heflin home, Kyle Benson showed Cass Heflin a handgun that he was carrying. Cass Heflin knew that Justin Birtcher had previously had a bad experience with Kyle Benson. However, rather than asking Kyle Benson to take the gun and leave the house, Cass Heflin telephoned Justin Birtcher and asked him to come over to the Heflin home. Justin Birtcher came

over and was shot and seriously wounded by Kyle Benson. The bullet struck Justin Birtcher in the neck, causing severe and permanent injuries.

Justin Birtcher's parents, Richard and Annette Birtcher, filed a complaint on behalf of themselves and as parents and next friends of Justin against Kyle Benson, his mother, Janet Benson, and Cass Heflin in the Circuit Court of Miller County, Arkansas on October 19, 2006 ("the Miller County lawsuit"). In the Miller County Lawsuit, the Birtchers allege that Kyle Benson, his mother, Janet Benson, and Cass Heflin are liable for injuries sustained as a result of the shooting. The Birtchers amended their complaint in the Miller County lawsuit on March 26, 2007. The Birtchers filed a second amended complaint on June 1, 2007, clarifying that Kyle Benson was "careless" in pointing the gun at Justin Birtcher. (Doc. 47, pg. 19). The Birtcher's previous complaints had alleged that Kyle Benson had intentionally pointed the gun at Justin Birtcher. (Doc. 47, pgs. 26, 32).

State Farm has provided a defense for Janet and Kyle Benson in the Miller County lawsuit, subject to a reservation of its right to deny coverage. State Farm specifically reserved the right to obtain a determination of whether it owes a duty to defend and indemnify Janet Benson or Kyle Benson. Importantly, the Benson's homeowner's policy with State Farm excludes from coverage intentional acts[1]. (Doc. 45-2, pg 21). State Farm brings the case *sub judice* for a determination of its rights and obligations to Defendants Janet and Kyle Benson, its insureds.

## II. SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established. The Federal Rules of

---

[1] Willful and malicious acts are likewise excluded from coverage under the Benson's policy. (Doc. 45-2, pg. 21). However, the policy covers the unintended consequences of an intentional act. (*see* Doc. 46)(citing *Talley v. MFA Mut. Ins. Co.*, 273 Ark. 269, 270, 620 S.W.2d 260 (1981); *Norris v. State Farm Fire & Cas. Co.*, 341 Ark. 360, 16 S.W.3d 242 (2000)).

Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, dispositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); *Krenik v. County of LeSueur,* 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial−whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 447 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow,* 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund,* 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of LeSueur,* 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts

showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 256.

III. DISCUSSION

State Farm's Motion for Summary Judgment asks the Court to rule as a matter of law that State Farm owes no duty to defend Janet and Kyle Benson in the underlying Miller County lawsuit. The heart of State Farm's motion is that Kyle Benson acted intentionally in shooting Justin Birtcher, and that intentional acts are excluded from coverage under the Benson's homeowner's policy.

To prevail on the summary judgment motion, Arkansas law requires State Farm to establish that there is no possibility that the damage alleged in the underlying pleadings could fall within the policy coverage. *Murphy Oil USA, Inc. v. Unigard Security Ins. Co.*, 347 Ark. 167, 176, 61 S.W.3d 807 (2001). Thus, the allegations in the pleadings against the insured determine the insurer's duty to defend. *Id; see also* C.T. Drechsler, Annotation, *Allegations in Third Person's Action Against Insured as Determining Liability Insurer's Duty to Defend*, 50 A.L.R.2d 548 (1956). Indeed, "it is the allegations made against the insured, however groundless, false, or fraudulent such allegations may be, that determine the duty of the insurer to defend the litigation against its insured." *Madden v. Continental Cas. Co.*, 53 Ark. App. 250, 254, 922 S.W.2d 731 (Ark. Ct. App. 1996)(citing *Equity Mutual Ins. Co. v. Southern Ice Co.*, 232 Ark. 41, 334 S.W.2d 688 (1960)). In addition, Arkansas law makes clear that the duty to defend is broader than the duty to indemnify. *Murphy Oil USA,* 347 Ark. at 176; *Commercial Union Ins. Co. of America v. Henshall*, 262 Ark. 117, 553 S.W.2d 274 (1977). In testing the pleadings to determine if they state a claim within the policy coverage, Arkansas law resolves any doubt in favor of the insured. *Murphy Oil USA*, 347 Ark. at 178.

In support of its Motion for Summary Judgment, State Farm relies exclusively on language from the Birtcher's original Complaint in the Miller County lawsuit alleging that Kyle Benson

*intentionally* pointed the gun at Justin Birtcher. The Court finds this reliance misplaced. State Farm attached to its Motion for Summary Judgment the Birtcher's original Complaint in the Miller County lawsuit. (Doc. 45-3). As previously noted, the Birtchers filed their original Miller County lawsuit on October 19, 2006. This pleading–which State Farm relies upon–was amended on March 26, 2007 (Doc. 47, pg. 25), and again on June 1, 2007. (Doc. 47, pg. 18). The Birtcher's Second Amended Complaint–the last "live" pleading in the Miller County lawsuit–was filed over two and a half months prior to the filing of State Farm's Motion for Summary Judgment in this case.

Applicable law proves the futility of State Farm's position. Contrary to statements in live pleadings, those contained in superseded pleadings are not conclusive and indisputable judicial admissions. *Sosa v. Central Power & Light*, 909 S.W.2d 893, 895 (Tex.1995)(citing *Drake Ins. Co. v. King,* 606 S.W.2d 812, 817 (Tex.1980)). Indeed, courts need not "give attention to the previous pleadings," where they have been superceded by an amended complaint. *Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & Refining Co.*, 68 F.2d 787, 788 (8th Cir. 1934); *see also Louis v. Barenfanger*, 81 Ill. App.2d 104, 226 N.E.2d 85 (Ill. Ct. App. 1966)(holding that parties are not aided by anything in a superceded pleading following amendment). In *American Bonding Co. of Baltimore v. Morris*, 104 Ark. 276, 148 S.W.2d 519, 522 (1912), the Supreme Court of Arkansas wrote that an amended complaint "took the place of the original complaint, which thereafter could not be considered a pleading in the case." *Id*. Similarly, the Eighth Circuit has held that an amended complaint, which is complete in itself and without reference to the original complaint, entirely supersedes its predecessor, and becomes the sole statement of the cause of action. *U.S. v. Gentry*, 119 F. 70, 75 (8th Cir. 1902). The original complaint becomes *functus officio* from the date of the filing of its successor. *Id*.

In this case, the Birtcher's Second Amended Complaint in the Miller County lawsuit alleges that Kyle Benson "*carelessly*" pointed the gun at Justin Birtcher. (Doc. 47, pg. 19)(emphasis added). Indeed, the Second Amended Complaint entirely removes all allegations of "intentional" conduct, instead claiming that negligence by Kyle Benson and others caused the Birtcher's injuries. Under Arkansas law, these allegations in the Birtcher's Second Amended Complaint determine and control State Farm's duty to defend. *Murphy Oil USA*, 347 Ark. at 178. Accordingly, the Court is satisfied that the pleadings in the Miller County lawsuit do not contain the allegations necessary for State Farm to establish that there is no possibility that Justin Birtcher's damages could fall within the State Farm homeowner's policy coverage. The result is that State Farm's Motion for Summary Judgment fails.

## IV. CONCLUSION

For reasons stated herein and above, State Farm's Motion For Summary Judgment regarding the duty to defend should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 19th day of March, 2008.

                                                        /s/Harry F. Barnes
                                                   Hon. Harry F. Barnes
                                                   United States District Judge